# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| FUTURE LINK SYSTEMS, LLC,<br><br>Plaintiff,<br>v.<br><br>BROADCOM INC. and BROADCOM CORP.,<br><br>Defendants. | C.A. No. 6:21-cv-01347-ADA<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT BROADCOM INC.'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(3) AND DEFENDANTS BROADCOM INC.'S AND BROADCOM CORP.'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)**

## TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................................. 1
II. RELEVANT FACTUAL BACKGROUND ........................................................................... 2
    A. The Asserted Patents and Accused Infringing Technology ............................................ 2
    B. The Broadcom Defendants .............................................................................................. 2
    C. FLS's Allegations of Pre-Suit Knowledge of Infringement ........................................... 3
    D. FLS's Induced Infringement Allegations ....................................................................... 4
    E. FLS's Contributory Infringement Allegations ............................................................... 4
    F. FLS's Willful Infringement Allegations ........................................................................ 4
III. LEGAL STANDARD ............................................................................................................ 5
    A. Venue in Patent Cases .................................................................................................... 5
    B. Federal Rule of Civil Procedure 12(b)(6) ....................................................................... 5
IV. THE COURT SHOULD DISMISS BROADCOM INC. FOR IMPROPER VENUE, OR TRANSFER THE CASE TO THE NORTHERN DISTRICT OF CALIFORNIA .......... 6
    A. Venue Is Improper in the Western District of Texas ...................................................... 6
    B. The Court Can Dismiss Broadcom Inc. for Improper Venue, or Transfer the Case to the Northern District of California. ............................................................................ 7
V. FLS' CLAIMS FOR INDUCED, CONTRIBUTORY, AND WILLFUL INFRINGEMENT SHOULD BE DISMISSED ..................................................................... 8
    A. FLS' Inducement Claims Should Be Dismissed. ........................................................... 9
        1. FLS Failed Adequately to Plead Actual Knowledge as Required for Indirect Infringement ............................................................................................................. 9
        2. No Plausible Allegations Exist That Broadcom Intended to Induce Any Third Party to Infringe by Using the BCM2711 ............................................................... 11
    B. FLS' Contributory Infringement Claims Should Be Dismissed .................................. 12
    C. FLS' Willful Infringement Claims Should Be Dismissed. .......................................... 13
VI. CONCLUSION .................................................................................................................... 13

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                          **Page(s)**

*Affinity Labs of Texas, LLC v. Blackberry Ltd.*,
 No. W:13-CV-362, 2014 WL 12551207 (W.D. Tex. Apr. 30, 2014) ...................................... 12

*Aguirre v. Powerchute Sports, LLC*,
 No. SA-10-CV-0702 XR, 2011 WL 2471299 (W.D. Tex. June 17, 2011) ....................... 10, 12

*Akurate Dynamics, LLC v. Carlisle Fluid Tech., Inc.*,
 No. 6:20-cv-00606-ADA, 2021 WL 860006 (W.D. Tex. Mar. 8, 2021) ................................... 7

*Biofire Def., LLC v. Fluidigm Corp.*,
 No. 2:16-CV-430-RJS-PMW, 2019 WL 7037959 (D. Utah Dec. 20, 2019) ............................ 8

*Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.*,
 904 F. Supp. 2d 1260 (M.D. Fla. 2012) ................................................................................. 11

*CAP Co. v. McAfee, Inc.*,
 No. 14:cv-05068-JD, 2015 WL 3945875 (N.D. Cal. Jun. 26, 2016) ....................................... 13

*Commil USA, LLC v. Cisco Sys., Inc.*,
 575 U.S. 632 (2015) .................................................................................................................. 9

*Correct Transmission LLC, v. Adtran, Inc.*.,
 No. 6:20-CV-00669-ADA, 2021 WL 1967985 (W.D. Tex. May 17, 2021) ........................... 7

*In re Cray Inc.*,
 871 F.3d 1355 (Fed. Cir. 2017) ................................................................................................ 6

*De La Vega v. Microsoft Corp.*,
 No. W-19-CV-00612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) ........................... 5

*EMED Techs. Corp. v. Repro-Med Sys., Inc.*,
 No. 2:17-CV-728-WCB-RSP, 2018 WL 2544564 (E.D. Tex. June 4, 2018) ........................... 8

*Global-Tech Appliances, Inc. v. SEB SA*,
 131 S. Ct. 2060 (2011) .................................................................................................. 9, 11, 12

*Goldlawr, Inc. v. Heiman*,
 369 U.S. 463 (1962) .................................................................................................................. 8

*Halo Electr., Inc. v. Pulse Electr.*,
 136 S. Ct. 1923 (2016) ...................................................................................................... 10, 13

*Iron Oak Techs., LLC v. Acer Am. Corp.*,
 No. 6:17–cv–00143–RP–JCM, 2017 WL 9477677 (W.D. Tex. Nov. 28, 2017) ................... 12

Case 6:21-cv-01347-ADA   Document 17   Filed 02/18/22   Page 4 of 19

*Koss Corp. v. Skullcandy, Inc.*,
    No. 6:20-cv-00664-ADA, 2021 WL 1226775 (W.D. Tex. Mar. 31, 2021) ........................ 5, 6, 7

*National Steel Car Ltd. v. Greenbrier Cos., Inc.*,
    No. 6:19-cv-00721-ADA, 2020 WL 4289388 (W.D. Tex. Jul. 27, 2020) ............................ 7, 8

*Optic153 LLC v. ThorLabs Inc.*,
    No. 6:19-cv-00667-ADA, 2020 WL 3403076 (W.D. Tex. Jun. 19, 2020) ............................... 7

*Pragmatus Telecom, LLC v. Ford Motor*
    Co., No. 1:12–cv–00092–RGA, 2012 WL 2700495 (D.Del. Jul. 5, 2012) ............................ 13

*Stragent, LLC v. BMW of N. Am., LLC*,
    No. 6:16-CV-446-RWS-KNM, 2017 WL 2821697 (E.D. Tex. Mar. 3, 2017) .................. 11, 12

*Superior Indus., LLC v. Thor Glob. Enterprises* Ltd., 700 F.3d 1287, 1296 (Fed.
    Cir. 2012) ............................................................................................................................. 12

*Vasudevan Software, Inc. v. TIBCO Software Inc.*,
    No. C 11-06638 RS, 2012 WL 1831543 (N.D. Cal. May 18, 2012) .................................... 10

*VLSI Tech., LLC v. Intel Corp.*,
    No. 6:19-CV-000254-ADA, 2019 WL 11025759 (W.D. Tex. Aug. 6, 2019) .................... 3, 10

**Statutes**

28 U.S.C. § 1400(b) ...................................................................................................................5, 6

28 U.S.C. § 1406(a) ..........................................................................................................1, 2, 7, 13

28 U.S.C. § 1659 .............................................................................................................................1

35 U.S.C. § 286 ...............................................................................................................................8

**Other Authorities**

Fed. R. Civ. P. 12(b)(3) ...................................................................................................................1

Fed. R. Civ. P. 12(b)(6) ...............................................................................................................1, 5

**I.      INTRODUCTION**

Broadcom Inc. respectfully moves under Fed. R. Civ. P. 12(b)(3) to dismiss this action for improper venue. Alternatively, Broadcom Inc. moves under 28 U.S.C. § 1406(a) to cure the venue defect by transferring this action to the Northern District of California ("NDCA"). Both Defendants—Broadcom Inc. and Broadcom Corp.—respectfully move under Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff Future Link Systems, LLC's ("FLS") claims for induced, contributory, and willful infringement.[1]

***First***, venue is improper. In the Complaint, FLS lumped together Broadcom Inc. and Broadcom Corp., into a composite entity it dubbed "Defendants," and asserted "Defendants have a regular and established place of business in this District." Dkt. 1 at ¶ 8. But Broadcom Inc., a Delaware company having its principal place of business in San Jose, CA, does *not* have a place of business or employees in Texas. FLS knows this. It previously sued Broadcom Inc. in this District, and, after having taken venue discovery, FLS did not adduce any facts showing that Broadcom Inc. has employees or property in Texas, nor did it adduce any fact allowing the Court to impute the property of Broadcom Corp. in Texas to Broadcom Inc. *See* Case No. 6:21-cv-00264-ADA ("*Future Link I*") at Dkt. Nos. 27, 28, 35, 37. Thus, under 28 U.S.C. § 1406(a), the Court "shall dismiss" Broadcom Inc., or, "if it be in the interest of justice," transfer this case to the NDCA where venue is proper for both Defendants.

***Second***, all claims for indirect (*i.e.*, induced and contributory) and willful infringement should be dismissed because the Complaint fails to allege facts plausibly suggesting that Broadcom actually knew that the "BCM2711"—the *sole* accused product—infringed. While the Complaint

---

[1] In a separate motion filed today, both Defendants moved under 28 U.S.C. § 1659 to stay this action, pending a final determination by the United States International Trade Commission of an ITC action involving the same asserted patents and accused product.

alleges that Broadcom knew of the asserted patents, that is not enough. Rather, to state a claim for indirect and willful infringement, FLS must plead facts plausibly suggesting that Broadcom knew that the BCM2711 product infringed the asserted patents. The Complaint has no such allegation. Further, FLS has not pleaded facts plausibly suggesting (1) that either Defendant "actively induces" infringement or (2) that the accused BCM2711 is "especially adapted" to infringe. Thus, these claims should be dismissed—at least as to each of Defendant's alleged pre-suit conduct.

## II.     RELEVANT FACTUAL BACKGROUND

### A.     The Asserted Patents and Accused Infringing Technology

FLS asserts infringement of Patent No. 7,685,439 ("the '439 Patent") and Patent No. 8,099,614 ("the '614 Patent") (collectively, "Asserted Patents"). Dkt. 1 ¶ 1. The only accused infringing product mentioned in the Complaint and its claim chart exhibits is BCM2711. *See* Dkt. 1 at ¶¶ 21, 32; Dkt. 1-2 at 1; Dkt. 1-4 at 1. Both claim chart exhibits allege that the component of BCM2711 that infringes is the "ARM Cortex-A72" processor. Dkt 1-2 (citing Cortex-A72 Technical Reference Manual for allegedly infringing functionality); Dkt. 1-4 (same). Neither Defendant designs the Cortex-A72 processor. *See* Declaration of Ryan D. Philips ("Phillips Decl.") at ¶ 4. The Cortex-A72 processor is supplied by a third party, Arm, (*see id.*) which maintains its U.S. headquarters in the NDCA at San Jose, CA.

### B.     The Broadcom Defendants

Broadcom Inc. is a Delaware corporation having its principal place of business in San Jose, CA. Dkt. 1 at ¶ 3. Additionally, Broadcom Inc. has no employees in the WDTX or elsewhere in Texas. Phillips Decl. at ¶ 2. Broadcom Corp. is a California corporation with a principal place of business in San Jose, CA. Dkt. 1 at ¶ 4. Broadcom Corp. has employees in Austin, but none are involved with the design of the accused product or have knowledge of the accused infringing Arm Cortex-A72 processor. Phillips Decl. at ¶¶ 3-5. Broadcom Corp. individuals most knowledgeable

about Broadcom Corp.'s inclusion of Arm's Cortex-A72 processor in its chips are located in California (San Jose and Irvine). Phillips Decl. at ¶ 5. Thus, the witnesses and evidence relating to the accused infringing features of the Arm Cortex-A72 processor are located primarily in California, and no such witnesses or evidence are located in this District or elsewhere in Texas. *Id*. at ¶ 5.

### C. FLS's Allegations of Pre-Suit Knowledge of Infringement

The Complaint does not allege that, at any time before the Complaint was filed, FLS had accused Broadcom of infringing *any* patent—let alone the Asserted Patents—through its use, sale, offer for sale, or manufacture of the BCM2711 chip. *See* Dkt. 1 at ¶¶ 10-15. FLS merely alleges that Broadcom knew that the certain patents exist. Specifically, FLS alleges that on April 17, 2013, it sent a letter to Broadcom asserting infringement of unidentified "certain Future Link patents." Dkt. 1 at ¶ 10. FLS next alleges that it met with Broadcom in 2015 and 2016, and provided terms for a license agreement "which implicated" unidentified patents owned by Future Link. *Id*. at ¶ 11. FLS also alleges that "Broadcom was aware" of litigation between FLS and Intel, and that Broadcom was provided with a copy of certain claim construction materials from the *Intel* case. *Id*. at ¶ 12. FLS alleges that in 2018 it sent "another notice letter accusing Broadcom of infringing certain" unidentified patents. *Id*. ¶ 13. FLS further alleges that on November 5, 2018, it "advised Broadcom that Broadcom has made the decision to willfully infringe the Future Link's patents." *Id*. at ¶ 14. FLS also alleges that Broadcom "has been willfully blind to its infringement." *Id*. at ¶¶ 24, 35.

Absent from all of these allegations in the Complaint is anything plausibly suggesting that, before filing suit, FLS had accused the sole product in this case, the BCM2711, of infringing either of the Asserted Patents.

3

      **D.**      **FLS's Induced Infringement Allegations**

FLS also alleges that "Broadcom continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accursed Products in ways that directly infringe the" Asserted Patents. Dkt. 1 at ¶¶ 19, 30. FLS does not identify a single "user manual" or any purported "online instruction materials," nor does FLS allege how such materials actively encourage anyone to use BCM2711 in a way that directly infringes any Asserted Patent. *See* Dkt. 1 at ¶¶ 19, 30.

      **E.**      **FLS's Contributory Infringement Allegations**

FLS merely parrots the legal standard in alleging that "the Accused Products" constitute "a material part of the inventions claimed" in the Asserted Patents and "are especially made or adapted to infringe … and are not staple articles or commodities of commerce suitable for non-infringing use." Dkt. 1 at ¶¶ 20, 31. FLS does not allege any facts from which one could reasonably conclude that the BCM2711 is "especially made" to infringe any Asserted Patent and/or lacks any substantial non-infringing use. *See id*.

      **F.**      **FLS's Willful Infringement Allegations**

FLS alleges that, on November 5, 2018, it "advised Broadcom that Broadcom demonstrated a lack of engagement in further licensing discussions after five years of discussions" and that it "also advised Broadcom that Broadcom has made the decision to willfully infringe the Future Link's patents." Dkt. 1 at ¶ 14. FLS then concludes that "Broadcom also had knowledge of or has been willfully blind to its infringement of the [Asserted Patents], and based on that knowledge or willful blindness, it has willfully infringed[.]" *Id*. at ¶¶ 24, 35. But FLS provides no factual allegations to support such legal conclusions, nor any basis from which one could plausibly infer that Broadcom subjectively believed that the BCM2711 infringed either Asserted Patent.

4

## III.   LEGAL STANDARD

### A.   Venue in Patent Cases

As Plaintiff, FLS "bears the burden of establishing proper venue." *Koss Corp. v. Skullcandy, Inc.*, No. 6:20-cv-00664-ADA, 2021 WL 1226775, at *1 (W.D. Tex. Mar. 31, 2021). For a domestic corporate defendant, 28 U.S.C. § 1400(b) is the "sole and exclusive" provision controlling venue. *Id*. (quoting *TC Heartland LLC v. Kraft Food Grp. Brands LLC*, 137 S. Ct. 1514, 1519 (2017)). Thereunder, a plaintiff may establish venue in a district where a corporate defendant "resides" (*i.e.*, is incorporated) or "where the defendant has committed acts of infringement and has a regular and established place of business." *Id*.

### B.   Federal Rule of Civil Procedure 12(b)(6)

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *De La Vega v. Microsoft Corp.*, No. W-19-CV-00612-ADA, 2020 WL 3528411, at *2 (W.D. Tex. Feb. 11, 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). The plausibility standard is not met unless the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

## IV. THE COURT SHOULD DISMISS BROADCOM INC. FOR IMPROPER VENUE, OR TRANSFER THE CASE TO THE NORTHERN DISTRICT OF CALIFORNIA.

### A. Venue Is Improper in the Western District of Texas.

The Court should either dismiss the Complaint against Broadcom Inc. or transfer the case to the Northern District of California where venue is proper. The "resides" option for venue under 28 U.S.C. § 1400(b) is not satisfied because Broadcom Inc. does not "reside" in the WDTX, but instead, as FLS admits, "is a company organized under the laws of the state of Delaware." Dkt. 1 at ¶ 3; *see Koss*, 2021 WL 1226557, at *2 (holding there is "no question" that a Delaware corporation "does not reside in Texas").

The second option for establishing venue under 28 U.S.C. § 1400(b) also is not satisfied here, because Broadcom Inc. does not have a "regular and established place of business" in the WDTX. The locations referenced in Paragraph 8 of the Complaint for "Defendants" are not places of business of Broadcom Inc. Phillips Decl. at ¶ 2. Broadcom Inc. does not own any real estate in the WDTX, possess or control any physical place in the WDTX, own or control shelf space in the WDTX, or have any employees in Texas. *Id.*

Therefore, under Federal Circuit and this Court's precedent, Broadcom Inc. does not have a "regular and established place of business" in WDTX. *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017) (holding that a "regular and established place of business" is "where (1) a defendant has a physical place, (2) the physical place is a regular and established place of business, and (3) the physical place is the place of the defendant")); *Koss*, 2021 WL 1226775, at **1-4 (finding improper venue where defendant "does not lease or own any real property in Texas," "does not possess or control any shelf-space in Texas," and "does not employ any persons in Texas"). Moreover, FLS does not even allege that the Court should impute Broadcom Corp's

6

presence in Austin to Broadcom Inc. for purposes of venue. *See Optic153 LLC v. ThorLabs Inc.*, No. 6:19-cv-00667-ADA, 2020 WL 3403076, at *3-*4 (W.D. Tex. Jun. 19, 2020) (finding improper venue where subsidiary's "presence in this District cannot be imputed to Defendant "); *National Steel Car Ltd. v. Greenbrier Cos., Inc.*, No. 6:19-cv-00721-ADA, 2020 WL 4289388, at *5 (W.D. Tex. Jul. 27, 2020) (finding subsidiary "is not an alter ego" of defendant, transferring case to proper venue).[2]

### B.   The Court Can Dismiss Broadcom Inc. for Improper Venue, or Transfer the Case to the Northern District of California.

Because the WDTX is an improper venue for Broadcom Inc., the case, at least as against Broadcom Inc., should be dismissed. *See Koss*, 2021 WL 1226557, at *2-*4 (dismissing case); *Akurate Dynamics,* 2021 WL 860006, at *2 (same); *Optic153 LLC*, 2020 WL 3403076, at **3-4 (same). Alternatively, FLS has an appropriate forum for obtaining relief against both Broadcom Inc. and Broadcom Corp.—both have their principal place of business in San Jose, and thus the Northern District of California is a proper venue for this case. If the Court is not inclined to dismiss the case, the Court should transfer the case to the NDCA to further "the interest of justice" under 28 U.S.C. § 1406(a). *See National Steel Car Ltd.*, 2020 WL 4289388, at *6 (transferring instead of dismissing).

Transferring this case to the NDCA would serve the interest of justice for at least two reasons.[3] First, if the Court dismisses this action (or just Broadcom Inc.), FLS would forfeit

---

[2] *See also Correct Transmission LLC, v. Adtran, Inc.*., No. 6:20-CV-00669-ADA, 2021 WL 1967985, at *4 (W.D. Tex. May 17, 2021) (finding improper venue where defendant did not have a physical place of business in WDTX and its employees there "work from their homes of their own accord"); *Akurate Dynamics, LLC v. Carlisle Fluid Tech., Inc.*, No. 6:20-cv-00606-ADA, 2021 WL 860006, at *2 (W.D. Tex. Mar. 8, 2021) (holding a "one-time demonstration of an accused product is not enough to show a regular and established place of business").

[3] Congress passed § 1406(a) to remove "whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits" and the Supreme Court has thus

7

potential damages from the date the current Complaint was filed (December 12, 2022) until the date the case is re-filed in a proper venue. *See* 35 U.S.C. § 286 ("[N]o recovery shall be had for any infringement committed more than six years prior to the filing of the complaint[.]"); *EMED Techs. Corp. v. Repro-Med Sys., Inc.*, No. 2:17-CV-728-WCB-RSP, 2018 WL 2544564, at *5 (E.D. Tex. June 4, 2018) (C.J. Bryson sitting by designation) (transferring case to avoid plaintiff "having to re-file and relinquish" potential damages due to Patent Act's statute of limitation). Second, this Court recognizes that transfer advances the interest of justice when, as here, "potential evidence and witnesses" relating to the accused technology are found in the transferee district. *National Steel Car Ltd.*, 2020 WL 4289388, at *6. FLS itself recognizes that Broadcom Inc. and Broadcom Corp. both have their principal place of business in San Jose, CA. Dkt. 1 at ¶¶ 3-4. And witnesses and evidence relevant to the accused infringing functionality of the Cortex-A72 processer in the BCM2711 product are located in San Jose, CA (in the NDCA) and Irvine, CA. Phillips Decl. at ¶¶ 4-5. Importantly, no such witnesses or evidence of either Defendant are known to be in the WDTX or elsewhere in Texas. *Id*.

## V.     FLS' CLAIMS FOR INDUCED, CONTRIBUTORY, AND WILLFUL INFRINGEMENT SHOULD BE DISMISSED.

FLS' claims for induced, contributory, and willful infringement are threadbare recitals of the elements of these causes of action, supported by mere conclusory statements that are not entitled to a presumption of truth at any stage of litigation. Therefore, those claims should be dismissed.

---

instructed that transfer is favored when a "statutes of limitation would otherwise apply" if the plaintiff had to refile in another venue if the case is dismissed. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962) (reversing circuit's decision upholding dismissal). "[I]n most cases of improper venue the courts conclude that it is in the interest of justice to transfer to a proper forum rather than to dismiss." *Biofire Def., LLC v. Fluidigm Corp.*, No. 2:16-CV-430-RJS-PMW, 2019 WL 7037959, at *3 (D. Utah Dec. 20, 2019).

### A.      FLS' Inducement Claims Should Be Dismissed.

FLS' inducement claims should be dismissed for two independent reasons: (1) there is no plausible allegation that Broadcom *actually knew* that the only accused product (the BCM2711 chip) infringed or that Broadcom *actually knew* it was inducing another party to infringe, and; (2) there is no plausible allegation that Broadcom *specifically intended* for any third party to infringe by making, using, or selling the BMC2711 or a product containing the BMC2711 chip.

#### 1.      FLS Failed Adequately to Plead Actual Knowledge as Required for Indirect Infringement.

There are no factual allegations in the Complaint plausibly suggesting that, before the Complaint was served, Broadcom actually knew that Broadcom infringed either Asserted Patent by making, using, or selling the BMC2711 chip.  Likewise, there is no factual allegation plausibly suggesting that Broadcom knew that it was inducing any third party to infringe through the third party's making, using, or selling a product containing the BMC2711 chip.

As shown above in Section II.C, the allegations in the Complaint suggest, at most, that Broadcom was aware of the existence of certain unidentified patents.  Absent is any allegation tying that alleged notice to infringement of the Asserted Patents by the accused BCM2711 chip. Mere knowledge of a patent is not sufficient for claims for indirect (or willful infringement).  *See Commil USA, LLC v. Cisco Sys., Inc.,* 575 U.S. 632, 639 (2015) ("In contrast to direct infringement, liability for inducing infringement attaches only if the defendant [1] knew of the patent and [2] that the induced acts constitute patent infringement."); *Global-Tech Appliances, Inc. v. SEB SA*, 131 S. Ct. 2060, 2067-68 (2011)[4] (holding that for induced and contributory infringement the violator "must know" that the accused product "was both patented and

---

[4] *Also Global-Tech*, 131 S. Ct. at 2068 ("[W]e now hold that induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement").

9

infringing") (quoting *Aro Mfg. Co. v. Convertible Top Replacement Co*., 377 U.S. 476, 488(1964)); *cf. Halo Electr., Inc. v. Pulse Electr*., 136 S. Ct. 1923, 1933 (2016) (holding that culpability for willful infringement is "measured against the knowledge of the actor at the time of the challenged conduct.").

Because there are no plausible allegations in the Complaint that either Defendant actually knew that the BCM2711 chip infringed the Asserted Patents, or even alleged to have infringed the Asserted Patents, there is no basis to conclude that either Defendant actually knew it was inducing or contributing to a third party's infringement. And FLS cannot overcome this deficiency with its boilerplate allegations that Broadcom "has been willfully blind to its infringement." Dkt. 1 at ¶¶ 24, 35. To plead willful blindness "the patentee must plead facts demonstrating the defendant (1) subjectively believed there was a high probability a particular fact existed or was true, and (2) took deliberate actions to avoid learning of that fact." *Vasudevan Software, Inc. v. TIBCO Software Inc*., No. C 11-06638 RS, 2012 WL 1831543, at *5 (N.D. Cal. May 18, 2012). FLS comes nowhere close to meeting this standard.[5]

For all of the above reasons, FLS' claims for indirect and willful infringement claims should be dismissed for both Asserted Patents at least as to Broadcom's alleged pre-suit conduct. The better-reasoned authority dismisses such claims as to both pre- and post-suit conduct when, as here, the defendant did not have actual knowledge of infringement before being served with a complaint. *See Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-0702 XR, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) ("To the extent Aguirre relies on knowledge of Aguirre's patent

---

[5] And even when a Complaint pleads that the defendant has a corporate "policy that forbids its employees from reading patents held by outside companies or individuals," that alone "is insufficient to meet the test of willful blindness." *VLSI Tech., LLC v. Intel Corp*., No. 6:19-CV-000254-ADA, 2019 WL 11025759, at *1 (W.D. Tex. Aug. 6, 2019).

after the lawsuit was filed, such knowledge is insufficient to plead the requisite knowledge for indirect infringement."); *Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc*., 904 F. Supp. 2d 1260, 1268–69 (M.D. Fla. 2012) ("[F]inding that a complaint provides sufficient knowledge for induced infringement would vitiate the Supreme Court's holding in *Global–Tech* that an allegation of knowledge of the patent is required to state a claim for induced infringement.").

### 2. No Plausible Allegations Exist That Broadcom Intended to Induce Any Third Party to Infringe by Using the BCM2711.

As a second reason for dismissing FLS' induced infringement claims as to *both* pre- and post-suit conduct, there are no factual allegations plausibly suggesting that Broadcom actively encourages anyone to directly infringe by making, using, or selling the BCM2711. Instead, FLS merely alleges in generic terms that "Broadcom continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accursed Products in ways that directly infringe the" Asserted Patents (Dkt. 1 at ¶¶ 19, 30) and that "Broadcom also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge [of the Asserted Patents], thereby specifically intending for and inducing its customers to infringe the [Asserted Patents] through the customers' normal and customary use of the Accused Products." Dkt. 1 at ¶¶ 19, 30. Such allegations are insufficient for two reasons.

First, FLS does not cite any particular "instructions" to customers, nor does FLS identify any "user manuals" or "online instruction materials" that somehow induce others to infringe. Mere conclusory allegations like these, without more, are insufficient to avoid dismissal. *Stragent, LLC v. BMW of N. Am., LLC*, No. 6:16-CV-446-RWS-KNM, 2017 WL 2821697, at *9 (E.D. Tex. Mar. 3, 2017) ("Stragent only alleges generic statements that the Defendants provide customers with infringing devices along with instructions. … Stragent fails to allege how the instructions direct

11

customers to use those products in an infringing manner.") (internal quotation omitted), *report and recommendation adopted*, No. 6:16-CV-00446-RWS, 2017 WL 2832613 (E.D. Tex. Mar. 27, 2017).

Second, the mere marketing and selling of a product is not sufficient to state a claim for induced infringement that can survive a motion to dismiss. *See id.*, 2017 WL 2821697, at *9 (holding that "merely selling a standard-compliant product" is not sufficient to state a claim for induced infringement).[6]

### B. FLS' Contributory Infringement Claims Should Be Dismissed.

There are no factual allegations in the Complaint plausibly suggesting that, before the Complaint was served, either Defendant actually knew that the BCM2711 infringed. *See* Section V.A.1, *supra*. Given this, the Court should dismiss FLS' claims for contributory infringement based on at least pre-suit conduct. *See Global-Tech*, 131 S. Ct. at 2067-68 (holding that the accused violator "must know" that the product "was both patented and infringing"); *Aguirre v. Powerchute Sports, LLC*, 2011 WL 2471299, at *3.

Further, the Complaint's threadbare recital that the "Accused Products" are "not staple articles or commodities of commerce suitable for non-infringing use" is inadequate. *See Iron Oak Techs., LLC v. Acer Am. Corp.*, No. 6:17–cv–00143–RP–JCM, 2017 WL 9477677, at *6-*7 (W.D. Tex. Nov. 28, 2017) (dismissing where "plaintiff plead general allegations and failed to identify the specific [components of the accused product] that was infringing and how those components

---

[6] *Affinity Labs of Texas, LLC v. Blackberry Ltd.*, No. W:13-CV-362, 2014 WL 12551207, at *5 (W.D. Tex. Apr. 30, 2014) ("[S]uch unsubstantiated assertions do not adequately support the more demanding specific intent requirement for a finding of induced infringement") (citing *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006)); *Superior Indus., LLC v. Thor Glob. Enterprises* Ltd., 700 F.3d 1287, 1296 (Fed. Cir. 2012) ("Superior does not allege any facts to support a reasonable inference that Thor specifically intended to induce infringement … or that it knew it had induced acts that constitute infringement.") (affirming dismissal).

were material and specifically adapted for infringement."); *CAP Co. v. McAfee, Inc.*, No. 14:cv-05068-JD, 2015 WL 3945875, at * 6 (N.D. Cal. Jun. 26, 2016) ("[T]he only statement CAP offers on the required element about substantial noninfringing uses is nothing but a bare conclusion[.]"); *Pragmatus Telecom, LLC v. Ford Motor* Co., No. 1:12–cv–00092–RGA, 2012 WL 2700495, at *1 (D.Del. Jul. 5, 2012) (holding that an allegation that the accused systems were "not staple articles of commerce suitable for substantial non-infringing use" were not sufficient because it was "supported by no facts"). So, for this additional reason, FLS' contributory infringement allegations should be dismissed as to *both* pre- and post-suit conduct.

### C.    FLS' Willful Infringement Claims Should Be Dismissed.

As discussed above, there are no factual allegations plausibly suggesting that, before the Complaint was served, Broadcom actually knew that BCM2711 infringed. Therefore, Broadcom could not have possessed the requisite state of mind to willfully infringe (*Halo*, 136 S. Ct. at 1933), nor could its actions be said to be "wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Id*. at 1923.

## VI.    CONCLUSION

For the foregoing reasons, Broadcom Inc. respectfully requests that it be dismissed for improper venue, or that the case be transferred to the NDCA under 28 U.S.C. § 1406(a) to cure the venue defect. Broadcom Inc. and Broadcom Corp. also respectfully requests that the Court dismiss FLS' claims for induced, contributory, and willful infringement.

DATED:  February 18, 2022

>Respectfully submitted:
>*/s/ Paige Arnette Amstutz*
>Paige Arnette Amstutz
>Texas State Bar No. 00796136
>SCOTT, DOUGLASS & MCCONNICO, LLP
>303 Colorado Street, Suite 2400
>Austin, TX  78701
>Telephone:  (512) 495-6300
>Facsimile:  (512) 495-6399
>pamstutz@scottdoug.com
>
>Russell A. Korn (*pro hac vice*)
>KILPATRICK TOWNSEND & STOCKTON LLP
>1100 Peachtree Street NE, Ste. 2800
>Atlanta, GA  30309-4528
>Telephone: 404 815 6500
>Facimile: 404 815 6555
>rkorn@kilpatricktownsend.com
>
>Kristopher L. Reed (pro hac vice)
>KILPATRICK TOWNSEND & STOCKTON LLP
>2001 Ross Avenue, Suite 4400
>Dallas, TX  75201
>Telephone: (214) 922-7143
>Facsimile: (214) 922-7101
>kreed@kilpatricktownsend.com
>
>Edward J. Mayle (*pro hac vice*)
>KILPATRICK TOWNSEND & STOCKTON LLP
>1400 Wewatta Street, Suite 600
>Denver, Colorado 80202
>Telephone: (303) 607-4000
>Facsimile: (303) 607-4321
>tmayle@kilpatricktownsend.com
>
>*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on February 18, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Paige Arnette Amstutz*
Paige Arnette Amstutz
